Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3695 | **DATE** | 2/24/2011 |
| **CASE TITLE** | John McKay vs. Peter Dvorak, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons explained in the Statement section of this order, plaintiff John McKay's "Motion for Default Judgment Against Defendants Peter Dvorak and Pinnacle Properties Management Group, Inc" [13] is denied. Case remains set for status on March 3, 2011, to discuss scheduling.

■[ For further details see text below.]                                                                                          Notices mailed.

## STATEMENT

On June 15, 2010, plaintiff John McKay ("McKay") filed a complaint against Peter Dvorak ("Dvorak"), Danville Investment Group, LLC, Buchanan Investment Group, LLC, Historic Roberts, LLC, and Pinnacle Properties Management Group, LLC ("Pinnacle") asserting claims for violations of the Securities and Exchange Act of 1934 (Counts I & II) and the Illinois Securities Law of 1953 (Count III) and for common law fraud (Count IV) and breach of contract (Count V). (Dkt. No. 1, Compl. ¶¶ 61-90.) Dvorak, who is the former President of Pinnacle, filed a pro se appearance on July 20, 2010 (Dkt. No. 11), but never answered or otherwise pleaded to the complaint. Currently before the court is McKay's "Motion for Default Judgment Against Defendants Peter Dvorak and Pinnacle Properties Management Group, LLC" (Dkt. No. 13). Dvorak and Pinnacle filed a "Response in Opposition to Plaintiff's Motion for Default" (Dkt. No. 21 ("Resp.")). For the reasons explained below, McKay's motion is denied.

"[T]he decision to enter default lies within the district court's discretion." *Silva v. City of Madison*, 69 F.3d 1368, 1377 (7th Cir. 1995), *cited by Cannon v. Washington*, 321 Fed. Appx. 501, at *502 (7th Cir. Mar. 26, 2009). The Seventh Circuit has "upheld a district court's discretion to deny a motion for default judgment . . . where . . the defendants were defending the case but neglected to file an answer, so long as the plaintiff was not prejudiced." *Peters v. Astrazeneca LP*, 224 Fed. Appx. 503, at *506 (7th Cir. Jan. 17, 2007). Moreover, "[b]ecause a default judgment is a harsh sanction, it should be employed only in extreme situations when other less drastic sanctions have proven unavailing." *Silva*, 69 F.3d at 1377.

In this case, the court finds that a default judgment is not an appropriate sanction. Based on Dvorak's declaration (Dkt. No. 22), which was submitted in support of Dvorak and Pinnacle's Response, Dvorak twice attempted to contact the court via letter in July 2010 to deny the allegations in the Complaint; his first letter was returned "undeliverable" and his second letter apparently was received by the clerk's office but only his pro se appearance was entered into the docket in this case. (Dvorak Decl. ¶¶ 3-9; Resp. 2.)

| STATEMENT |
|---|

Dvorak also states that he contacted McKay's counsel by email on July 21, 2010. (Dvorak Decl. ¶ 10.) The July 21, 2010 email is attached to Dvorak's Declaration. (*See id.* at Ex. D.) In this email, Dvorak attached the letter he had submitted to the court and also indicated to McKay's counsel his willingness to initiate settlement discussions or mediation. (*See* Ex. D.)

After the filing of Dvorak's pro se appearance on July 20, 2010, there was no activity in this case for over five months until this court sua sponte issued a minute order on January 3, 2011, setting a status hearing for January 25, 2011 (Dkt. No. 12). McKay then proceeded to file a motion for default judgment against Dvorak and Pinnacle on January 24, 2011, which was noticed for presentment to the court on February 1, 2011. (Dkt. No. 13.) The court held the status hearing on January 25, 2011; only McKay's counsel appeared. (Dkt. No. 15.) In the January 25, 2011 minute order, the court set another status hearing for February 1, 2010, and ordered Dvorak to attend. (*Id.*) Counsel for Dvorak and Pinnacle subsequently filed an appearance on January 31, 2011 (Dkt. No. 16), and also appeared at the February 1, 2011 status hearing to oppose McKay's Motion for Default Judgment.

Based on the above actions of Dvorak and Dvorak and Pinnacle's counsel, the court finds that both Dvorak and Pinnacle intend to defend this litigation. Furthermore, the court does not find that McKay has been prejudiced by Dvorak and Pinnacle's delay. Indeed, McKay took no action in this case for several months and did not move for a default judgment until after this court sua sponte issued its January 3, 2011 minute order setting a status hearing for January 25, 2011. The court, therefore, does not find that the harsh sanction of a default judgment is warranted. McKay's motion for default judgment (Dkt. No. 13) is denied. Status remains set for March 3, 2011, to discuss scheduling. The parties are strongly encouraged to consider settlement.

*James F. Holderman*