IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JOHN MCKAY, | ) | |
|         Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  1:10-cv-03695 |
| | ) | |
| PETER DVORAK, et al. | ) | |
| | ) | |
|         Defendants. | ) | Jury Trial Demanded |

**AMENDED AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant PINNACLE PROPERTIES MANAGEMENT GROUP, LLC ("Pinnacle" or "Defendant", pleading in the alternative, without prejudice to its denials of the allegations in Plaintiff's Complain, and without waiver of Plaintiff's obligations to prove each and every element of his claims against Pinnacle, asserts the following Amended Affirmative Defenses to Plaintiff's Complaint[1]:

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

1.     Plaintiff's claims are barred in whole or in part by the two-year statute of limitations for securities fraud claims, 28 U.S.C. § 1658(b).  Plaintiff alleges fraud in connection with the recording of mortgages in his favor and associated alleged misrepresentations, in 2006. Plaintiff had both the ability and the duty to investigate the status of those recordings at that time,

---

[1] Plaintiff has not challenged Defendant's Dvorak or Pinnacle's  Answer to the Complaint. Defendant Pinnacle is therefore only amending its Affirmative Defenses, and rests upon the Answer previously filed, which is incorporated by reference herein.  Pinnacle specifically reserves its right to additionally amend or add to these amended affirmative defenses at an appropriate time in the future Because Defendant Peter Dvorak has filed for bankruptcy, all proceedings against him are stayed.  Defendant Peter Dvorak reserves his right to amend his Affirmative Answers in due course, should the stay against him be lifted.

simply by checking the recorder's office, and thus knew or had reason to know of the purported fraud at that time. Indeed, Plaintiff did eventually make such inquires, but waited until 2008 to do so. Even then, Plaintiff further delayed, and did not file any action until July, 2010. Thus, because Plaintiff knew or had reason to know of the purported fraud more than two years before the filing of his Complaint, his claims are barred by the applicable statute of limitations.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, and acquiescence, *in pari delicto* and/or unclean hands. Plaintiff knew, or should have known, of the supposed basis for his claims as early as 2006. Yet, Plaintiff continued to invest more funds in the projects, repeatedly replacing one promissory note with another, larger one, thus acquiescing in (and hoping to profit from) the investments. Further, despite knowing of his purported rights and claims with respect to the alleged false statements and fraud, Plaintiff remained silent as to the existence of those claims, and failed to exercise any due diligence whatsoever. Accordingly, Plaintiff's claims are barred, either by waiver, estoppel and acquiescence as a result of Plaintiff's willful disregard of his purported claims, and/or by *in pari delicto* and unclean hands, as a result of Plaintiff's continued investment despite his knowledge of the alleged fraud.

## THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's fraud claims must be dismissed because Plaintiff failed to plead fraud with particularity, as require by Fed R. Civ. P. 9(b). In particular, Plaintiff has failed to identify any specific material misstatements of fact or omission, that Defendants made, with the intent that Plaintiff would rely upon such material misstatements or omissions, nor did Plaintiff allege that he hedid rely upon such misstatements or omissions or that any such reliance was reasonable. To the

contrary, Plaintiff has alleged that he continued to invest in the investments at issue, despite not doing any investigation or due diligence as to his prior investments.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims are barred because Plaintiff cannot prove reliance on any alleged misrepresentation or omission, but relied instead upon his own investment acumen and judgment, and investigation, cursory though it might have been. Indeed, Plaintiff made numerous representations to other investors as to the safety and advisability of these investments. His claims against Defendants are therefore barred.

## FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims are barred by his own contributory and/or comparative negligence. Specifically, Plaintiff failed to exercise due diligence in investigating the various investments that he made, including but not limited to failing to adequately investigate the status of the underlying properties at issue. In addition, despite not being repaid on the various notes after demanding the payment, Plaintiff made further investments, in increasing amounts. In so doing, Plaintiff failed to use reasonable care to protect his own interests, and this failure caused or contributed to, in whole or in part, any damages that Plaintiff alleges he incurred.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims were caused by superseding or intervening wrongful acts by third persons or entities over whom or over which Pinnacle had no control or responsibility, and but for such persons' or entities' wrongful acts, Plaintiff would not have suffered the injuries and damages alleged. In particular, Plaintiff's damages, if any, were caused by, among other things, the significant down turn in the economy and the real estate market crash. As a result, Plaintiff cannot establish that any acts or omissions of Pinnacle proximately cause his damages, if any.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Assuming Plaintiff suffered damages, the existence of which damages is denied, Plaintiff failed to mitigate his damages. Instead, Plaintiff continued to invest additional funds and take larger and larger promissory notes, despite not receiving payments even after demanding payment. Plaintiff took no action as to the lack of payments on promissory notes or as to the alleged discovery of purported fraud, thus compounding, rather than mitigating, his damages (the existence of which is denied).

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiff assumed the risk of any and all losses he may have incurred, because he continued to invest funds, and because he relied on his own cursory investigation without conducting full due diligence as to the recording of the mortgages and despite not receiving payments. Furthermore, Plaintiff is, and holds himself out to be, a sophisticated investor with yeas of experience in investing, including in real estate. Plaintiff was therefore aware of, but chose to ignore, the risks involved with the investments at issue, including, but not limited to the fact that he could lose his entire investment. Plaintiff decided to make repeated and increasingly large investments despite being well aware of the risks. Accordingly, Plaintiff's claims are barred.

DATED: May 19, 2011

Respectfully submitted,

/s/ Randall D. Lehner
_____
Randall D. Lehner
Ulmer & Berne LLP
500 West Madison Street, Suite 3600
Chicago, IL 60661
Tel. 312-658-6518
Fax 312-658-6519
rlehner@ulmer.com

                                        Attorney for Defendants Peter Dvorak and Pinnacle Properties Management Group, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2011 a copy of the foregoing *Answer and Affirmative Defenses to Plaintiff's Complaint* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Randall D. Lehner
_____
Randall D. Lehner

Attorney for Defendants Peter Dvorak and Pinnacle Properties Management Group, LLC

1901299
37917.00000